IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALONZO MOORE,

      Plaintiff,

v.                                        No. 22-cv-02715-SHL-cgc

MEMPHIS MEMORY GARDENS,

      Defendant.

## REPORT AND RECOMMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is the Motion for Judgment on the Pleadings filed by Defendant Memphis Memory Gardens ("Defendant") on December 6, 2022. (D.E. # 11) On March 13, 2023, a show cause order was entered ordering Plaintiff to respond to the motion and warning that a failure to respond may result in a recommendation to dismiss the case for failure to prosecute. (D.E. # 12) Plaintiff submitted a letter on March 20, 2023. (D.E. # 13) Plaintiff did not respond to the motion but instead made a statement that essentially reiterated the claims in his complaint.

**I.  Background**

On October 19, 2022, Plaintiff filed the instant Complaint alleging violations of Title VII of the Civil Rights Act of 1964. Specifically, Plaintiff complained that on October 7, 2021 Defendant subjected him to race and color discrimination in that he was "attacked and called a racist name" by a coworker. (D.E. # 1, PageID 3-4) Plaintiff filed a charge with the Equal

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

Employment Opportunity Commission in October 2021[2] and received a Right to Sue letter on September 21, 2022. (D.E. # 1, PageID 5)  At the time of filing the complaint, Plaintiff paid the $402 filing fee.  (D.E. # 2) On October 25, 2022, summons was issued as to Memphis Memory Gardens and Plaintiff was given two signed and sealed summons to perfect service of process. (D.E. # 7)  On that same day, Plaintiff returned the summons indicating that it has been served on Edwynn Houston and had been served by Alonzo A. Moore. (D.E. # 8)

On November 14, 2022, Defendant filed its Verified Answer.  (D.E. # 10)  In it, Defendant avers that Plaintiff was "an employee of Long's Grave Digging, LLC, an independent contractor of Memphis Memory Gardens by virtue of a contract that became effective on January 1, 2017."  (D.E. # 10, PageID 25) The verification attached to the Answer is sworn to by Daniel Kleban, Vice President of SCI Tennessee Funeral Services, LLC d/b/a Memphis Memory Gardens.  (D.E. # 10, PageID 26)

On December 5, 2022, Defendant filed the instant Motion for Judgment on the Pleadings alleging as grounds for dismissal that the Complaint does not state a claim and that Plaintiff did not obtain service on Defendant in accordance with Fed. R. Civ. P.  4[3].  (D.E. # 11)

**II.     Analysis**

   a.  **Rule 12(c)**

Rule 12(c) of the Federal Rules of Civil Procedure states that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) motions are reviewed under "the same . . . standard applicable to motions to dismiss

---

[2] The date on which the charge was filed appears to have been marked through on the complaint.
[3] Defendant mentions the improper service in the Verified Answer and in the Motion for Judgment on the Pleadings but does not further discuss service in its memorandum.

under Rule 12(b)(6)," *Grindstaff v. Green*, 133 F.3d 416, 420 (6th Cir. 1998), which provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.

In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### i. Title VII

Title VII prohibits "employer[s]" from engaging in "unlawful employment practice[s]," including "fail[ing] or refus[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII defines an employee as "an individual employed by an employer." 42 U.S.C. § 2000e(f). Plaintiff does not refute the sworn assertion that he is not an employee of Memphis Memory Gardens nor does he plead that there is a joint employer relationship between Memphis Memory Gardens and Long's Grave Digging, LLC. Therefore, it

is RECOMMENDED that Plaintiff's Complaint be dismissed for failure to state a claim for which relief can be granted.

  b. **Rule 12(b)(5)**

  Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a complaint may be dismissed if the Court finds that there was insufficient service of process. Fed. R. Civ. P. (12)(b)(5). Rule 4(c) states, "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Because Plaintiff paid the case initiation fee, he was responsible for ensuring that service is completed consistent with Rule 4. *See*, docket entry 2, 7, and 8. Rule 4(l)(1) requires that proof of service be made by the server's affidavit. Service of the summons and complaint may only be made by a person over the age of 18 and not a party to the case. Fed. R. Civ. P. 4(c)(2) The docket reflects that service was made by Plaintiff on an individual that is not the Defendant's agent for service of process as required by Rule 4(h).

  Further, Plaintiff is required to serve the defendants within ninety (90) days after the complaint is filed. If service has not been made within that time, the court must dismiss the action without prejudice or order that service be made within a specified time. Fed.R.Civ.P 4(m). It is RECOMMENDED in the alternative that that Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m).

### III.   Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Judgment on the Pleadings be GRANTED.

SIGNED this 11th day of August, 2023.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**