IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ALONZO MOORE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-02715-SHL-cgc |
| | ) | |
| MEMPHIS MEMORY GARDENS, | ) | |
|     Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON
THE PLEADINGS WITH LEAVE FOR PLAINTIFF TO AMEND**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation ("R&R"), (ECF No. 14), filed on August 11, 2023, recommending that the Court grant Defendant Memphis Memory Garden's ("MMG") Motion for Judgment on the Pleadings. Plaintiff Alonzo Moore filed his pro se Respon[se] to Report and Recommendation, (ECF No. 15), on August 24, 2023. Because Mr. Moore has not alleged that MMG was his employer at any time relevant to this action, the Court **ADOPTS** the R&R and **GRANTS** MMG's Motion for Judgment on the Pleadings; however, the Court also grants leave for Mr. Moore to file an amended complaint within **twenty-eight (28) days** of this Order. Absent amendment, Mr. Moore's case will be dismissed.

**BACKGROUND**

A truncated recitation of the facts can be found in the R&R's Background section. (ECF No. 14 at PageID 48–49.) Neither party specifically objected to those facts, and thus the Court **ADOPTS** that section in full.

Briefly, Mr. Moore alleges that a racially charged event occurred while he was working for Long's Grave Digging on October 7, 2021. (ECF No. 1 at PageID 3–4; ECF No. 15 at PageID 55–56.) The discriminatory conduct that forms the basis of his complaint occurred when he was "attacked and called a racist name." (ECF No. 1 at PageID 3.) In his response to the Court's Order to Show Cause, (ECF No. 12), Mr. Moore also argues that he was "wrongfully terminated by this company for standing my ground as a man." (ECF No. 13 at PageID 41.)

Mr. Moore filed a charge with the Equal Employment Opportunity Commission in October 2021 and received his Right to Sue letter eleven months later in September 2022. (ECF No. 1 at PageID 5.) After filing his complaint on October 19, 2022, Mr. Moore personally served an employee of MMG in October 2022. (ECF No. 8 at PageID 18.)

In its November 2022 verified answer, MMG asserted it was not Mr. Moore's employer during the event in question because Mr. Moore was actually "an employee of Long's Grave Digging, LLC, an independent contractor of Memphis Memory Gardens." (ECF No. 10 at PageID 23.) Mr. Moore's response to the R&R confirmed this threshold question, as he explained that he "was hired by Long's Grave Digging when they were hired by Dignity 'Memphis Memorial Gardens.'" (ECF No. 15 at PageID 55.)

MMG filed a Motion for Judgment on the Pleadings on December 5, 2022, averring that Mr. Moore failed to state a claim upon which relief can be granted and that he failed to properly serve MMG in compliance with Federal Rule of Civil Procedure 4. (ECF No. 11-1 at PageID 34, 36–37.) The Magistrate Judge issued her R&R on August 11, 2023, (ECF No. 14), and, most recently, Mr. Moore filed his Respon[se] to Report and Recommendation on August 24, 2023, (ECF No. 15).

**LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that assist in the disposition of a motion for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(B). Parties can file objections to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**ANALYSIS**

In the response to the R&R, Mr. Moore provided his most detailed account of what transpired on October 7, 2021. (ECF No. 15 at PageID 55–56.) While the event is undoubtedly harrowing and saddening, Mr. Moore did not directly respond to the Magistrate Judge's concerns about the applicability of Title VII and Mr. Moore's improper service of MMG. Even if liberally construed, Mr. Moore's response does not object to the fact that MMG was not his employer at the time of incident. In fact, the response confirms that he was employed by another employer.

Upon de novo review, the Court agrees with the Magistrate Judge's conclusion that Title VII does not apply to MMG in this circumstance, and therefore denies Mr. Moore's objection.

**I.     Suing An Employer Under Title VII**

As an initial matter, the Magistrate Judge applied the correct legal standard to MMG's Motion for Judgment on the Pleadings, which is governed by Federal Rule of Civil Procedure 12(c). Such motions are reviewed under "the same . . . standard applicable to motions to dismiss under Rule 12(b)(6)." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). Rule 12(b)(6) allows dismissal for a "failure to state a claim upon which relief can be granted." See Fed. R.

3

Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Mr. Moore's complaint was filed under Title VII of the Civil Rights Act, (ECF No. 1 at PageID 1), which prohibits "employers" from engaging in "unlawful employment practice[s]" including "discharg[ing] any individual . . . because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Mr. Moore has failed to allege that MMG was his employer, a necessity for bringing a Title VII action.

Mr. Moore vaguely states that he was "wrongfully terminated by *this* company" without there being an antecedent in prior sentences for the Court to determine which company he is referencing.  (ECF No. 13 at PageID 41) (emphasis added).  Any suggestion that "this company" refers to MMG, however, is undermined in Mr. Moore's response to the R&R, where he states that he was hired by Long's Grave Digging, and that Long's Grave Digging was hired by MMG.  (ECF No. 15 at PageID 55.)  Therefore, it appears that Title VII's definition of employee as "an individual employed by an employer" does not apply to the relationship between Mr. Moore and MMG.  See 42 U.S.C. § 2000e(f).

The Court agrees with the R&R that Mr. Moore does not refute MMG's sworn assertion that he was not an employee of MMG at any time relevant to the Complaint, nor does he allege a joint employer relationship between MMG and Long's Grave Digging, LLC.  (ECF No. 14 at Page ID 51.)  If Long's Grave Digging was Mr. Moore's employer at the time of his alleged wrongful termination, then perhaps that company may be a more appropriate defendant.  However, as pled, Mr. Moore is suing a company other than his employer, which is not an action that is cognizable under Title VII.

Therefore, the Court denies Mr. Moore's objection.

## II. Clear Error Review of Improper Service of Process

The second part of the R&R focuses on Mr. Moore's insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and Rule 4(h). (ECF No. 14 at PageID 52.) Mr. Moore did not object to this portion of the R&R. On review for clear error, the Court concludes that the Magistrate Judge properly applied Federal Rule of Civil Procedure 4(h)(1)(B)'s standard when evaluating which individual—namely an officer or agent of the company—can properly be served when a corporation, partnership, or association is being sued. As the Magistrate Judge concluded, Mr. Moore's service was deficient under this rule.

## CONCLUSION

For these reasons, the Court **ADOPTS** the Magistrate Judge's R&R and **GRANTS** MMG's Motion for Judgment on the Pleadings. However, the Court sua sponte authorizes Mr. Moore to file an amended complaint within **twenty-eight (28) days** of this Order. That complaint must be served consistent with Federal Rule of Civil Procedure 4.

**IT IS SO ORDERED,** this 28th day of September, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE